IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEVERLY A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV215-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Beverly A. Johnson brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On October 8, 2003, plaintiff filed an application for Supplemental Security Income, alleging that she is disabled due to rheumatoid arthritis, blindness in her right eye, anemia, microinflammatory arthritis and muscle spasms. (R. 40). On June 28, 2005, after the claim was denied at the initial administrative level, an ALJ conducted an administrative hearing. The ALJ rendered a decision on August 10, 2005. The ALJ concluded that plaintiff suffered

from the severe impairments of mild degenerative joint disease and monocular vision." (R. 13).  He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the impairments in the "listings" and,  further, that plaintiff retained the residual functional capacity to perform jobs existing in significant numbers in the national economy.   Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  On January 5, 2006, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings.   Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis

has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1 145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing generally that the ALJ's decision is not supported by substantial evidence and is inconsistent with applicable law. (Plaintiff's brief, p. 6). Plaintiff further argues that the ALJ improperly discounted the opinion of plaintiff's treating physician and plaintiff's testimony about her disabling pain and functional restrictions. (Id.,pp. 6-7).

The court concludes that the ALJ's decision is not supported by substantial evidence because, in considering plaintiffs impairments, the ALJ failed to consider plaintiff's diagnosis of anemia and the limitations, if any, caused by the anemia. The ALJ found, in his decision, that plaintiff "has not been diagnosed with anemia (in October 2003, it was recommended that the claimant be tested for anemia, however, she was not diagnosed with anemia)." (R. 13). However, on October 2, 2003, Dr. Lester's office note indicates that he planned an "anemia profile," R. 114[1], and, in a visit a week later, plaintiff visited Dr. Lester's office to get the "10/2/03 lab results," and a nurse practitioner diagnosed "macrocytic anemia." The office note was initialed by Dr. Lester. (Id). Dr. Lester's office note for December 9,2003 and a nurse practitioner's note for February 23,2004 both reflect a diagnosis of macrocytic anemia. (R. 126-27). Plaintiff's assertion of disability was based,

---

[1] Blood tests conducted a year earlier, on October 28,2002, showed lower than normal red blood cell count, with higher than normal mean corpuscular volume and mean corpuscular hemoglobin. (R. 138).

in part, on her anemia. Had the ALJ considered the diagnosis of anemia, he may well have reached the same conclusion regarding plaintiff's residual functional capacity.[2] However, since he apparently did not consider the diagnoses, the court must remand this action so that the ALJ may do so. See Williams v. Barnhart, 186 F. Supp. 2d 1192, 1198 (M.D. Ala. 2002) (ALJ's failure to consider impairments supported by diagnoses and objective evidence was reversible error).[3]

Additionally, in reaching his determination regarding plaintiffs residual functional capacity, the ALJ erroneously treated the finding of the state disability examiner as the expert opinion of a non-examining physician pursuant to SSR 96-613, giving it "great probative weight." In his evaluation of the plaintiff's residual functional capacity, the ALJ stated:

> Pursuant to Social Security Ruling 96-6p, I have considered the opinion of a non-examining State Agency medical consultant who found that the claimant did not have a severe impairment. To the extent that this assessment is consistent with the residual functional capacity below, it is entitled to great probative weight.

(R. 14). He referenced the assessment a second time after setting forth plaintiff's residual functional capacity, stating, "this assessment is fully supported by the objective evidence,

---

[2] The disability examiner determined,in rendering the initial denial of benefits, that plaintiff's macrocytic anemia was not severe. (See R. 18-19, 1 18-1 9). The ALJ may likewise reach ths conclusion on remand.

[3] In view of ths conclusion, the court does not reach the issue of the validity of the ALJ's credibility determination. However, the court notes that the ALJ stated that "[e]xaminations have failed to reveal any sensory deficits." It is not apparent to the court whether the ALJ is referring only to plaintiff's allegations of foot numbness. However, she also alleged, as the ALJ acknowledged, that she is "unable to . . . hold on to objects." (R. 12; see also R. 168). Laboratory testing conducted on October 28, 2002 did indicate, according to Dr. Lester's notation, moderate to severe upper extremity peripheral neuropathy. (R. 136).

treatment records, the claimant's activities, *the opinion of the State Agency medical consultant*, the consultative examination, and the record as a whole." (R. 14)(emphasis added).

Social Security Ruling 96-6p provides that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review."  The Ruling indicates that the medical opinions of such consultants must be considered, and states that "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act."

The administrative record, however, includes no opinion by a state agency medical consultant. The determination of non-severity of plaintiffs impairments was rendered instead by a disability specialist, with no documented input by a medical consultant. (See R. 118-19; 18-19; see also 20 C.F.R. 416.1406(b)(2)). Thus, the ALJ erred by giving this assessment "great probative weight" as an expert medical opinion.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED, and this action REMANDED for further proceedings consistent with this opinion.

DONE, this 9th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE